ERVIN, Justice.
By petition for certiorari filed by the Petitioner-claimant, Odell Bilton, we are requested to review an order of the Florida Industrial Commission insofar as it modified an order of a Deputy Commissioner in respect to attorney’s fee for claimant’s attorney. The Respondents, employer and carrier, cross-petitioned us for review of the Commission’s affirmance of that part of the Deputy’s order granting claimant’s petition for modification of the original order allowing greater benefits than were awarded on the original claim.
On January 30, 1963 the Deputy Commissioner entered an order pursuant to a stipulation of the parties granting claimant certain workmen’s compensation benefits. On June 12, 1963 claimant filed a petition: for modification on the grounds of a mistake in determination of fact and/or change of condition, seeking greater benefits than were awarded on the original claim.
According to the record, on October 22, 1963 the petition was considered by the Deputy at a hearing without objection from counsel for the parties. On August 24, 1964-the Deputy entered an order favorable to. the claimant which included many findings of fact and conclusions. This order was entered pursuant to the hearing on October 22, 1963. In his order, the deputy states that he made his findings “Upon consideration of the testimony of the parties and of the evidence submitted. * * * ”
Respondents as cross-petitioners filed' application for review to the Full Commission and a motion to vacate the Deputy’s order on the ground that there was no testimony taken or evidence presented at the hearing of October 22, 1963 upon which the Deputy could have supported his order.. The Full Commission affirmed the Deputy’s, order except his allowance for claimant’s-attorney’s fee, which it modified. No mention was made of the motion to vacate. We assume that it was denied since the Full' Commission entered its order on the merits of the case.
We agree with the cross-petitioners that the motion to vacate should have been granted and the cause remanded to the Deputy for further proceedings, including a full and. proper hearing on the merits of the petition for modification.
We do not find anything in the record to. support the Deputy’s order. The record of the hearing on October 22, 1963 recites-that the Deputy and the attorneys for both sides were present. The record reflects. statements by the attorneys setting forth their positions and contentions concern *535 -ing the petition for modification. Then -the following appears on page 6 of the •transcript of said hearing:
“[Discussion off the record]
THE COMMISSIONER: It is stipulated that if the doctor would make a statement in our presence, that he would testify that the claimant has been totally disabled from May 23, 1963 to date. Now, the question that we have before us is whether the claimant is entitled to TTD payments in excess or over .and above the amount already paid through the stipulation of January 3, 1963. Is that a fair statement?
MR. HODGES: That is fair.
MR. WHEELER: Yes, sir.
THE COMMISSIONER: Nothing further.
[Whereupon, the hearing was adjourned.]”
This stipulation without more is not competent substantial evidence to support the Deputy’s findings in his order that on May 23, 1963 the claimant “ * * * sustained an acute exacerbation of his disability when the spinal fusion theretofore performed by Dr. Russell snapped as he rolled out of bed, as a result of which the claimant was again rehospitalized * * * ”; that claimant’s condition steadily worsened until he was again hospitalized on September 2, 1963 “ * * * at which time, another spinal bone graft was performed and the claimant was fitted with a spinal brace”; that claimant “ * * * sustained a change in condition on May 23, 1963 as a result of his industrial accident of May 1, 1959 * * * ”; and that claimant has not yet reached maximum medical recovery.
The Deputy in his order stated that only the claimant and his treating physician testified, but we find no such testimony in the record.
Without testimony or evidence in support of the petition, the Deputy should not have entered said order.
Under the circumstances related, the Full Commission should have granted cross-petitioners’ motion to vacate and remanded the cause for the taking of testimony and presentation of evidence.
The question as to attorney’s fees raised by claimant in his petition cannot be determined until such time as a proper hearing is held and an order entered on the merits by the Deputy.
It is therefore ordered that the petition for certiorari be denied, the cross-petition be granted and the orders of both the Full Commission and the Deputy Commissioner are quashed with directions that the cause be remanded to the Deputy for further proceedings consistent with this opinion.
It is further ordered that the petitioner’s motion for allowance of attorney’s fees for services in this Court be and the same is hereby denied.
It is so ordered.
THORNAL, C. J., and THOMAS, DREW and HOBSON (Ret.), JJ., concur.